IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER OHLMANN | } | |
| | } | |
| Plaintiff, | } | CASE NO. 3:22-CV-5-CHB |
| | } | |
| v. | } | |
| | } | |
| REYNOLDS CONSUMER PRODUCTS, LLC | } | |
| 1900 W. Field Court | } | **COMPLAINT** |
| Lake Forest, IL 60045 | } | |
| **SERVE REGISTERED AGENT:** | } | |
| Corporation Service Company | } | |
| 421 Ohlmann Main Street | } | |
| Frankfort, KY 40601 | } | |
| | } | |
| Defendant. | } | |

The Plaintiff, Christopher Ohlmann, by counsel, for his Complaint against Defendant, Reynolds Consumer Products, LLC, states as follows:

**JURISDICTION AND VENUE**

1. This civil action arises under the Federal Family Medical Leave Act, 29 U.S.C. § 2611 *et seq*. (the FMLA).

2. Plaintiff Christopher Ohlmann ("***Plaintiff***" or "***Mr. Ohlmann***") is a resident of Louisville, Jefferson County, Kentucky.

3. Reynolds Consumer Products, LLC (hereafter "RCP") is a Delaware corporation with its principal place of business located at 1900 W. Field Court, in Lake Forest, Illinois..

4. Plaintiff was employed by RCP at its manufacturing plant located in Louisville, Jefferson County County, Kentucky.

5. Decisions regarding Plaintiff's employment occurred in Jefferson County, Kentucky.

6. At all pertinent times herein, Plaintiff was a covered "employee" under 29 U.S.C. § 621 *et. seq*.

7. At all pertinent times herein, Plaintiff was an "eligible employee" pursuant to 29 U.S.C. § 2611(2)(A), in that at the time he requested leave he had worked for Defendant for more than 1250 hours in the twelve months preceding his request for leave and had worked for Defendant for more than 12 months.

8. The Court has jurisdiction over Plaintiff's claims against Defendant pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and 29 U.S.C. §2617(a)(2), the Family Medical Leave Act.

9. Venue in this Court is proper because it is the judicial district in which a substantial part of the complained of acts giving rise to the claims occurred.

## FACTS

10. Plaintiff was hired by Defendant in 2017.

11. In or around late 2018 Plaintiff cut his leg while at work. Immediately after the injury, Plaintiff continued his work; however, the following day while at work his right leg began to swell, became sore, and red streaks started to develop.

12. Upon noticing the swelling and tenderness, Plaintiff promptly reported the matter to Anthony Speller, the B-Shift Plant Manager. Mr. Speller advised that Plaintiff needed to go to the hospital as it could be a life threatening infection, if untreated could eventually run to his heart.

13. Immediately after the meeting with Mr. Speller, Plaintiff was transported to the emergency room where he was diagnosed with a methicillin-resistant staphylococcus aereus ("MRSA") infection.

14. Plaintiff was hospitalized for three (3) days, and after his release from the hospital, he continued treatment, taking antibiotics.

15. Throughout his absence from work he kept RCP informed about his condition.

16. Plaintiff was released to return to work without restrictions and did return after a one week absence.

17. Then on or about July 7, 2020, Plaintiff woke up with severe swelling to his leg and noticed a red streak going up his leg.

18. He immediately contacted Mr. Speller to notify him that his infection appeared to have returned, and he advised that he was going to the hospital.

19. Plaintiff was kept at the hospital for three days and he was placed on an FMLA approved medical leave for approximately three weeks.

20. On September 15, 2020, Plaintiff again woke up with a swollen foot and leg and a recurrence of the infection. However, this time Plaintiff perceived that the infection was worse than previously, and he immediately went to the emergency room, where he was admitted for treatment and observation.

21. He was not released from the hospital until September 17, 2020, and ordered that he not to return to work until released by his physician.

22. On September 23, 2020, Plaintiff's doctor faxed the completed FMLA paperwork to RCP requesting FMLA leave through October 15, 2020.

23. Unbeknown to the Plaintiff, on October 2, 2020, Plaintiff was issued a step 5 correction action, suspension pending investigation for purpose of termination, based on Plaintiff's late call-in on September 15, 2020, the date Plaintiff went to the emergency room upon waking.

24. On October 15, 2020, Plaintiff's leg was again swollen and red and he immediately called Mr. Speller to inform him that he needed to extend his FMLA leave to seek treatment for his leg.

25. Plaintiff's doctor released Plaintiff to return to work on October 19, 2020.

26. On October 19, 2020, Plaintiff reported for work with no work restrictions; however, upon arrival he was advised by Mr. Speller that Plaintiff was suspending pending an investigation for the purpose of terminating his employment based on his attendance violations.

27. Plaintiff was advised that the basis for the attendance violation was his late call-in on September 15, 2020, when Plaintiff was in the hospital.

28. On October 26, 2020, Defendant chose to uphold the termination decision even though Plaintiff had an unforeseen need for FMLA leave on September 15, 2020 and timely and properly gave notice to Defendant of his need for FMLA leave on that date.

## COUNT I
## FMLA INTERFERENCE IN VIOLATION OF 29 U.S.C. § 2615(A)(1)

29. Defendant interfered with Plaintiff's rights under Family Medical Leave Act, 29 U.S.C. § 2615 *et seq*. (FMLA) by charging him with unwarranted attendance points after he requested FMLA leave and then by terminating his employment on or about October 26, 2020.

30. In response to Plaintiff's lawful requests and claims under the FMLA, Defendant subjected Plaintiff to unwarranted treatment and discipline interfering with Plaintiff's exercise of his rights under the FMLA.

31. Defendant's actions and or omissions in interfering with Plaintiff's FMLA rights were not taken in good faith.

32. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has been deprived and continues to be deprived of past and future wages, and other terms,

conditions, and privileges of employment.

33. Because of Defendant's violation of the FMLA, Plaintiff is permitted a civil action in this Court against Defendant, and is entitled to injunctive relief, recovery of actual damages suffered, including the loss of earnings and benefits he has sustained due to the termination of his employment, pre-judgment interest, liquidated damages, his costs in bringing and pursuing this action, including an award of reasonable attorney's fees, and equitable relief in the form of reinstatement and/or an award of front pay.

## COUNT II
## RETALIATION IN VIOLATION OF 29 U.S.C. § 2615(A)(2)

34. Rather than making a good faith attempt to accommodate Plaintiff in his leave requests, Defendant subjected Plaintiff to discriminatory, retaliatory, interfering, and disparate treatment, culminating in the termination of his employment on or about October 26, 2020, in violation of the Family Medical Leave Act *("FMLA"),* 29 U.S.C. §2615(a)(2).

35. Defendant's actions and or omissions in discriminating and retaliating against Plaintiff were not taken in good faith.

36. As a direct and proximate result of Defendant's intentional and willful violation of the FMLA, Plaintiff has been deprived and continues to be deprived of past and future wages, and other terms, conditions, and privileges of employment at Defendant.

37. Because of Defendant's violation of the FMLA, Plaintiff is permitted a civil action in this Court against Defendant and is entitled to injunctive relief, recovery of actual damages suffered, including the loss of earnings and benefits he has sustained due to the termination of his employment, interest, liquidated damages, his costs in bringing and pursuing this action, including an award of reasonable attorney's fees, and equitable relief in the form of reinstatement and/or an award of front pay.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Christopher Ohlmann respectfully requests a trial by jury and judgment against the Defendant, Reynolds Consumer Products, LLC, for:

a. An award of damages in the amount of Plaintiff's lost wages, and employment benefits, together with pre-judgment interest thereon;

b. an additional amount as liquidated damages equal to the sum of the amount of Plaintiff's lost wages, and employment benefits, together with pre-judgment interest thereon;

c. Reinstatement and promotion or an award of Front Pay;

d. Reasonable attorney's fees;

e. Costs; and,

f. Any and all other relief to which the Plaintiff appears entitled.

Respectfully submitted,

**TILFORD DOBBINS & SCHMIDT, PLLC**

By: /s/ Ayala Golding
**AYALA GOLDING**
Tilford, Dobbins & Schmidt, PLLC
401 West Main Street, Suite 1400
Louisville, Kentucky 40202
Phone: (502) 584-1000
agolding@tilfordlaw.com

*Counsel for Plaintiff*